Next case is Frank Weyer et al. v. Facebook, 2014-1378. We'll hear from Mr. Weyer who is apparently both inventor and counsel. Yes, thank you. Good morning, Your Honors. As you mentioned, I'm Frank Weyer. I'm the attorney for the appellants who are myself and co-inventor, Troy Joppa, who is also here today. The appellant's arguments, I think, are clearly set forth in our briefs. The only thing I'd like to bring to Your Honor's attention is a decision issued in September by a different panel of this court of which Judge Moore was a member that is relevant to the argument made by Facebook in its opposition brief that this court does not have jurisdiction to review the claim construction used by the patent trial and appeal board in its decision and if that construction is not correct, to remand the case to the board for consideration under the correct interpretation. In the relevant part of that decision, the September decision, the court stated, because the board analyzed the claims and the prior art under an erroneous construction, we vacate the board's decision and remand to the Patent Office to assess the validity of these claims under the correct construction. The case was Facebook v. Pragmatist AV, case number 2013-1350, and the date of the decision is September 11, 2014. We cited other authority on this issue, but this case is particularly on point because it is recent and Facebook is a party. Hopefully in light of the Pragmatist decision, Facebook will concede that it is wrong on the jurisdiction issue in any case. Why are you, you've been rejected under 102, 103, and 112, but correct me if I'm wrong, but I don't think you're really arguing the merits of those rejections, just the claim construction. That's correct. And in any case, because of that, I respectfully yield the floor now to Facebook and reserve the remainder of my time for rebuttal and to answer Your Honor's questions. We will certainly save that time for you. Thank you. Mr. Chen. Good morning, Your Honors. May it please the Court, my name is Ruben Chen and I represent Appalee Facebook. First, let me address Appellant's argument regarding the Pragmatist versus Facebook case, so the Facebook versus Pragmatist inter-parties re-examination. So that case involved Facebook arguing for a particular claim construction and providing specific arguments as to how that claim construction would impact the validity of the patent. So it's very distinguishable from the current appeal here. And if I could point, Your Honors, to the Federal Circuit's decision in Fresnius versus Baxter, the facts there are very similar to the facts here where the Court noted that it need not construe claim terms when the Appellant failed to explain why a modified claim construction would affect a judgment. So what Appellants are requesting on this appeal is a rewriting of the claims. First, they want the Court to give an advisory opinion and insert an interface server limitation into claim steps where such language does not exist as the Patent Office confirmed. Alternatively, they want a do-over at the Patent Office so that they themselves can amend claims even though they had ample opportunity and reason to do so earlier. You're saying this is like an interlocutory appeal on claim construction and he hasn't argued the rejections. That's correct, Your Honor. There were 10 rejections that were affirmed by the PTAB and in none of Appellant's briefing that he addressed those rejections. I guess isn't, excuse me, the premise of his argument on appeal is because steps A, B, and C, the first three steps, require them to be performed by a server, none of the references teach that and that's why those rejections need to be undone. Isn't that kind of the premise of this whole debate over claim construction? Your Honor, I don't think that Appellants actually make that point clear. They do argue, I agree with Your Honor, that an interface server performs the first three claim steps. We strongly disagree with that argument and I'm happy to explain. When you say you don't think they make that argument clear, you mean in their blue brief because they made that argument crystal clear, almost verbatim, the way Judge Chen just explained it in their briefing before the Board below. Correct. They repeatedly and consistently argued if an interface server computer was imported into A, B, and C, none of those references disclose an interface server computer doing all five steps. And that argument they made expressly, repeatedly throughout the proceedings below, but your argument is since they failed to say it in their blue brief, they have waived it for appeal. Is that your argument? That is correct, Your Honor. Pretty tough position with a pro se. If I could respond to that comment, the Appellant, Mr. Weyer, who is representing both himself and also Mr. Jaberher, is actually a registered patent attorney with over 25 years of experience. And so I don't think he is the typical pro se plaintiff. He is an attorney. Isn't it inherent in his argument about this doesn't feel at all like the advisory opinion sort of claim construction request that we have gotten and refused to do in cases in the past. It kind of feels an awful lot like inherent in his request is his argument that it would have changed the outcome, granted, not with any specificity whatsoever, but it does seem in light of this record inherent in his argument. It may be inherent, but I don't think that is the standard that's laid out by the Federal An appellant must lay out the reasoning for why a claim construction would impact the judgment below. And here, appellants have not. And there are 10, as I said, separate grounds of rejection. And some of those separate grounds of rejection actually do address the interface or perform particular steps that the appellant says is missing. So if the appellant is correct on his claim construction arguments, what do we do? And why? Well, Your Honor, I don't think he is correct in his claim construction argument. So could I address that question first? Well, no. Second. Okay. First, address the one I asked. What if he is correct? What do we do? If he is correct. If he is correct in his claim construction, then I would argue that the prior art still discloses that an interface server performs each of the claim steps. But the board didn't make fact findings, and nor did the examiner to that extent, because they made their fact findings only on the claims as they construed them. So you would argue that to us, but wouldn't it be improper for us to, in the first instance, decide what a prior art reference does and doesn't teach? Yes, it would in the first instance. I agree with that. But I do believe that in the record, there is a showing that the examiner considered the prior arts. And even though the examiner did not agree that the claim construction required that an interface server perform each claim step, that in fact, the prior art did disclose that, at least certain references did disclose that an interface server does perform each claim step. You would agree, though, that the patent board didn't reach this issue? Yes, I understand your argument that the examiner may have said something along these lines, but this court reviews board decisions. It doesn't review the musings of the examiner. That is correct, Your Honor. I do agree with you. If you wanted to get to the merits. Yes. Yes, if I could. If the court is willing to consider claim construction, the claim language actually does not support appellant's claim construction position. And if I could point, Your Honors, to the record at A90. A90 is an amendment that appellants made during the original prosecution of the 1-2-2 patent. And what A90 shows us is that the appellant expressly included performance by an interface server computer with respect to the last two claim elements and did not include performance by an interface server computer with respect to the first three claim elements. But Mr. Wire is relying on the reference to the interface server computer in the preamble. Right. And so therefore, the preamble informs how all the steps are being carried out. They're all being carried out by the interface server computer. What's wrong with that argument? Yeah, I think what's wrong with that argument, Your Honor, is that the preamble is not limiting. The preamble is just a statement of purpose here. And when you look at the preamble language in conjunction with the specific amendments that were made by appellants, I think it's strong evidence, especially under the broadest reasonable interpretation, that the correct construction is that an interface server need only perform the last two steps. So the preamble is just a throat-clearing exercise? Just a warm-up act? I think it's a statement of purpose, and I think that this case is analogous to the storage technologies case where, similarly, a preamble was found by the Federal Circuit to not be limiting except for only where that language was explicitly recited in claim steps. So for claim steps where the preamble language was not recited, the Court concluded that those claim steps did not have such a limitation. Would this be a fair characterization of your argument? This might be a different case if the only amendment that was made in this particular response to an office action was to add the language to the preamble. But because it was added to the preamble and expressly to only certain claim limitations, the most logical interpretation is that it was only meant to be a limitation in those limitations. Yes, that is correct, Your Honor. This might be a different case, though, if only it was added to the preamble, because then we might feel like it's pretty clear his meaning to add a limitation, and maybe then we could conclude it with all the elements. I agree. Or it would at least be a harder case for you. Yes, yes, that is true. That is true. And I think that the specification also supports this construction. If I could point, Your Honors, to two places. The first is at the end of the patent, at column 13, line 55, starting with line 55. Although certain functions have been described herein as being provided by an interface server computer, those functions may be provided by one or more other devices. And because the first three claim steps do not specify performance by any particular device, those first three claim steps should not be so limited. Secondly, if I can point, Your Honors, to column 10, at around line 15, on to column 11, through the end of column 11. Here the specification is talking about performance of the first three steps. And in this section, there is no requirement that an interface server perform those first three steps. Anything further, Mr. Chen? No, Your Honor. All right. Then Mr. Weyer has reserved a fair amount of time for rebuttal. Thank you. And it should be rebuttal, not issues that could have been raised earlier and you could have responded to. So, rebuttal. Yes, thank you, Your Honors. The first issue I wanted to respond to, which has to do with raising the issue of the actual merits of the projections, that, as Your Honors observed, the Board did not get to. And in the Board's decision, every point where they affirmed the examiner on the rejection of Claim 1, they acknowledged that the appellants had argued that the prior art did not disclose the first three method steps being performed by an inter-site server computer, but they said, we don't have to consider that or it doesn't matter because we read the claim as not requiring that. So, in terms of why that wasn't raised to Your Honors, the reason is because the patent, the Board had not yet considered that in the first place. And therefore, it was my understanding that it was not yet right to raise that before the Board. With respect to, as Judge Morrissey pointed out, that the issue that the claim is different because the limitation of the last two steps in the claims, that that somehow undoes the effect of having that limitation in the preamble. And this is a, the reason that was done that way, and this is the way that I've done claim drafting, is as Your Honors are aware, whenever you read a claim, it's a very difficult thing. When you start out, it's easy to understand where you're starting, but by the time you get later on in the claim, sometimes because of complexity or something, it's not yet as fresh in your mind what it started out to be. So, when I draft claims that they're longer, in the end, I try to remind the reader as to what it is we're talking about. So, for the first three steps, it comes immediately after the preamble. So, it's a bind interface server computer. So, okay, you have it in your mind. By some point later on, then I just, to make it easier on the reader and to emphasize and to remind what it is that's carrying out these steps, that's why I also put it in at the bottom. True, it could have been put in at each step. That makes the claim somewhat longer, and there's somewhat of a judgment used when you do that, but to try and do sort of more efficient claim drafting, that's the process that I use, and that's why it was done this way here. As to the spec disclosure that there are alternative embodiments and that the specification is not limited to the specific embodiments included in the specification, that's pretty much language that is always put in patent specifications. It really comes down to what is in the claims, not what is in the specification. And in this case, the claim does, in fact, specify that the steps are performed by the interface server computer. So, these other embodiments aren't being claimed. So, that really doesn't come into effect. I think that's all the points that were raised by Mr. Chen. Thank you, Mr. Weyer. No one ever gets penalized for not using all of his time. Okay. We'll take the case under review.